BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE DENNIS CARDOZA, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. May a person serve simultaneously as a deputy sheriff and a city council member?
2. May a city council, one member of which is a deputy sheriff, enter into a contract with the sheriff to provide police services to the city?
 CONCLUSIONS
1. A person may serve simultaneously as a deputy sheriff and a city council member.
2. A city council, one member of which is a deputy sheriff, may enter into a contract with the sheriff to provide police services to the city, provided that the interest of the deputy sheriff is disclosed to the council and noted in its official records, and the deputy sheriff completely abstains from any participation in the matter.
 ANALYSIS
The two questions presented for resolution concern whether a deputy sheriff may serve on a city council, and if so, what restrictions might affect the city's ability to contract with the sheriff for police protection services.
1. Incompatible Offices Doctrine
The first inquiry concerns the common law doctrine[1] of incompatible public offices. The doctrine prohibits a person from holding simultaneously two public offices if the performance of the duties of either could have an adverse effect on the other. (People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 641-642; 78 Ops.Cal.Atty.Gen. 362, 363 (1995).) If the two positions under consideration are offices, and if they are incompatible, the acceptance of the second office automatically terminates the holding of the first. (People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at p. 644; 83 Ops.Cal.Atty.Gen. 50, 52 (2000).) If one of the positions is an "employment" as distinguished from an "office," the doctrine does not apply. (81 Ops.Cal.Atty.Gen. 304, 305 (1998).)
We have previously determined that a member of a city council holds a public office for purposes of the incompatible offices doctrine. (75 Ops.Cal.Atty.Gen. 10, 13 (1992).) However, the position of deputy sheriff is not, for purposes of the incompatible offices doctrine, a public office. (78 Ops.Cal.Atty.Gen., supra, at pp. 363-368.) Accordingly, the holding simultaneously of the positions under consideration is not precluded by the common law doctrine. In answer to the first question, we conclude that an individual may serve simultaneously as a deputy sheriff and a city council member.
2. Contracting for Police Services
The second inquiry concerns the ability of a city council, one member of which is a deputy sheriff, to enter into a contract with the sheriff to provide police services to the city. Government Code section1090[2] provides in part as follows:
 ". . . city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
The purpose of this statutory prohibition, applicable to most state and local officers and employees, "is to remove or limit the possibility of any personal influence, either directly or indirectly, which might bear on an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct. . . ." (Stigall v. City of Taft (1962) 58 Cal.2d 565, 569.) The aim of the statute is "not only to strike at actual impropriety, but also to strike at the appearance of impropriety." (City of Imperial Beach v. Bailey (1980)103 Cal.App.3d 191, 197.) Section 1090's prohibition applies even though the contact may be fair and equitable (Thomson v. Call (1985)38 Cal.3d 633, 646-649) and the affected official would agree to abstain from participating in the decision-making process (Fraser-Yamor Agency, Inc. v. County of Del Norte (1977) 68 Cal.App.3d 201, 211-212).
The harsh consequences of section 1090's prohibition are ameliorated in two different ways. First, section 1091.5 describes certain "noninterests," where if applicable, the contract may be executed because the Legislature has determined that the particular interest is insufficient to merit application of the prohibition. In noninterest situations, the interest does not require the officer's abstention and generally does not require disclosure. Here, subdivision (a)(9) of section 1091.5 deals specifically with contracts between two public agencies:
 "(a) An officer or employee shall not be deemed to be interested in a contract if his or her interest is any of the following:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
 (9) That of a person receiving salary, per diem, or reimbursement for expenses from a government entity, unless the contract directly involves the department of the government entity that employs the officer or employee, provided that the interest is disclosed to the body or board at the time of consideration of the contract, and provided further that the interest is noted in its official record."
Hence, under the terms of subdivision (a)(9) of section 1091.5, a government employee who serves on the board of another public agency is deemed not to be financially interested in a contract between the agency and his employer unless the contract directly involves the particular department in which he is employed. (78 Ops.Cal.Atty.Gen., supra, at p. 370.) With respect to the deputy sheriff in question, the authorizing provisions of section 1091.5 would be inapplicable since the contract would directly involve his own employing unit, the sheriff's department within county government. Thus, the council member's employment with the sheriff's office may not be characterized as a "noninterest" within the meaning of section 1091.5.
We turn next to section 1091, where the Legislature has described various "remote interests," which if applicable, allow the making of the contract if the officer with the proscribed financial interest (1) discloses such interest to the public agency, (2) such interest is noted in the official records of the body, and (3) the officer completely abstains from participating in the making of the contract. (78 Ops.Cal.Atty.Gen. 230, 237 (1995); 67 Ops.Cal.Atty.Gen. 369, 377, fn. 8 (1984); 65 Ops.Cal.Atty.Gen. 305, 307 (1982).) Section 1091
provides in part:
 "(a) An officer shall not be deemed to be interested in a contract entered into by a body or board of which the officer is a member within the meaning of this article if the officer has only a remote interest in the contract and if the fact of that interest is disclosed to the body or the board of which the officer is a member and noted in its official records, and thereafter the body or board authorizes, approves, or ratifies the contract in good faith by a vote of its membership sufficient for the purpose without counting the vote or votes of the officer or member with the remote interest.
 "(b) As used in this article, `remote interest' means any of the following:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(13) That of a person receiving salary, per diem, or reimbursement for expenses from a government entity.
 "(c) This section is not applicable to any officer interested in a contract who influences or attempts to influence another of the body or board of which he or she is a member to enter into the contract."
In 78 Ops.Cal.Atty.Gen. 230, supra, we observed with respect to the requirements of section 1091:
 "It is to be noted that section 1091 of the Government Code speaks in terms of a board authorizing, approving or ratifying a contract `in good faith by a vote of its membership sufficient for the purpose without counting the vote or votes of the officer or member with the remote interest.'
 "This office has characterized the requirements of section 1091 as meaning that the member must not only disclose his interest in the proposed contract and refrain from attempting to influence other members, but that the member should completely abstain from any participation in the matter. [Citation.]" (Id., at pp. 237-238.)
A vote on the contract could reasonably be viewed as an attempt to influence other members of the board. (See Thomson v. Call, supra, 38 Cal.3d at pp. 649-650; Stigall v. City of Taft, supra, 58 Cal.2d at p. 569; People v. Honig (1996) 48 Cal.App.4th 289, 317-318.) Accordingly, a member of the board having a remote interest by way of employment with another government entity may "not be deemed to be interested in a contract" if the conditions specified in subdivision (a) of section1091 are satisfied, and he does not influence or attempt to influence another member of the board in violation of subdivision (c) of the statute.[3]
In answer to the second question, therefore, we conclude that a city council, one member of which is a deputy sheriff, may enter into a contract with the sheriff to provide police services to the city, provided that the interest of the deputy sheriff is disclosed to the council and noted in its official records and the deputy sheriff completely abstains from any participation in the matter.
[1] "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all courts of this State." (Civ. Code, § 22.2)
[2] Unidentified section references hereafter are to the Government Code.
[3] Any discussion by the deputy sheriff of the elements of the contract, whether financial or not, would be subject to the prohibition in order "`to remove . . . the possibility of any personal influence, either directly or indirectly. . . .'" (Thomson v. Call, supra, 38 Cal.3d at p. 649; see People v. Honig, supra, 48 Cal.App.4th at pp. 314-315.)